## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ROWENA WARD individually, and on behalf of the Estate of RORY WARD JR., and RORY WARD SR, individually,** | § § § § | |
| *Plaintiffs,* | § § | |
| **V.** | § § | **CIVIL ACTION NO. 4:23-cv-1708** |
| **HARRIS COUNTY, TEXAS;** *et al.,* | § § | |
| *Defendant.* | § | |

## DEFENDANT HARRIS COUNTY'S MOTION
## TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY, TEXAS (hereafter "County") files this Motion to

Dismiss Plaintiffs' Second Amended Complaint (Doc. #56) pursuant to Rule 12(b)(1) and

Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Harris

County would respectfully show the Court as follows:

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ii

TABLE OF AUTHORITIES..................................................................................iii, iv

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ................... 1

II.   STATEMENT OF FACTS ........................................................................................ 1

III.  STATEMENT OF ISSUES AND STANDARD OF REVIEW ................................. 2

    A. Statement of Issues ............................................................................................ 2

    B.  Standard of Review…………………………………………………………2

IV.  SUMMARY OF THE ARGUMENT ......................................................................... 4

V.   ARGUMENT AND AUTHORITIES.......................................................................... 4

    A.  This Court Lacks Subject Matter Jurisdiction Over the Survival Claim.............. 4

    B.   Plaintiff Fails to State Any Claim for Relief...…………………………………5

        1.  No Respondeat Superior…………..……………………..…………....…..5

        2.  *Monell* Claim………………………………………….…………….…6

        3.  No Deliberate Indifference………………………….…………………12

        4.  Episodic or Omission Claim……………………….………………13

        5.  Conditions of Confinement Claim…………………….……....…………15

VI.   CONCLUSION ...................................................................................................... 17

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Akins*, 2014 WL 105839 ..................................................................................................9

*Albert v. City of Petal*, 819 F. App'x 200 (5th Cir. 2020) ................................................14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........................................................................3, 4, 5

*Banuelos v. McFarland*, 41 F.3d 232 (5th Cir.1995) ........................................................14

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997) .............................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................................3

*Bell*, 441 U.S. ....................................................................................................................16

*Bennett v. City of Sidell*, 735 F.2d 861 (5th Cir. 1984) ....................................................8

*Brown v. Wilkinson Cnty. Sheriff Dep't*, 742 F. App'x 883 (5th Cir. 2018).....................14

*Brumfield v. Hollins*, 551 F.3d 322 (5th Cir. 2008) .........................................................13

*Burge v. Saint Tammany*, 336 F.3d 363 (5th Cir. 2003) ...................................................13

*Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 917 (5th Cir. 2021).......................12

*Campbell v. City of San Antonio*,43 F.3d 973 (5th Cir. 1995) ...........................................9

*Canton*,489 U.S., 109 S.Ct. 1197 ....................................................................................10

*Connick v. Thompson*, 560 U.S. 51 (2011)......................................................................5, 6

*Connick*,563 U.S. .................................................................................................................6

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015) ............................................................6

*Davidson v. City of Stafford*, 848 F.3d 384 (5th Cir. 2017) ..........................................6, 12

*Duvall*,631 F.3d ...........................................................................................................15, 16

*Estate of Henson v. Wichita Cnty.*, 795 F.3d 456 (5th Cir. 2015).............................13, 15

*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992)...............................................7

*Gobert v. Caldwell*, 463 F.3d 339 (5th Cir. 2006) .....................................................12, 13

*Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745 (5th Cir. 1993)...............................7

*Gordon v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016) ....................................................9

*Grabowski v. Jackson County Pub. Defenders Office*, 79 F.3d 478 (5th Cir.1996) .........15

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011)........................................................................4

*Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996) ................................................13, 15

*Harris v. Serpas*, 745 F.3d 767 (5th Cir. 2014)...............................................................14

*Hicks-Fields v. Harris Cnty.*, 860 F.3d 803 (5th Cir. 2017) ..............................................6

*Home Builders Ass'n., Inc. v. City of Madison*, 143 F.3d 1006 (5th Cir. 1998) ................2

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs*,668 F.3d 281 (5th Cir. 2012).......................................................................................................................2

*Jackson v. Procunier*,  789 F.2d 307 (5th Cir. 1986) .........................................................3

*James v. Harris Cnty.*, 577 F.3d 612 (5th Cir. 2009) ........................................................7

*Johnson v. Moore*, 958 F.2d 92 (5th Cir. 1992) .................................................................8

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) ..................................................................3

*Martinez v. Turner*, 977 F.2d 421 (8th Cir.1992).............................................................15

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996)...................9

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)....................5, 6, 7

*Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145 (5th Cir. 2010)...................3

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) ............................................................3

*Papasan v. Allain*, 478 U.S. 265 (1986)...................................................................8

*Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018)...........................6, 10, 17

*Peterson v. City of Fort Worth*, 588 F.3d 383 (5th Cir. 2009) ....................................11

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) .....................................6

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ...............................Passim

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) ..........................................2

*Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205 (5th Cir. 2016) .......................5

*Rogers v. Hierholzer*, 857 F. App'x 831 (5th Cir. 2021).............................................12

*Scott*, 114 F.3d .................................................................................................16

*Scott*, 276 F.3d .................................................................................................10

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019) .....................................................4

*Shepherd v. Dallas Cnty.*, 591 F.3d 445 (5th Cir. 2009) ......................................16, 17

*Shepherd v. Ledford*, 962 S.W.2d 28 (Tex. 1198).......................................................5

*Sligh*,  87 F.4th..................................................................................................12

*Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997)..........................................8

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ...........................4, 10, 11

*Thompson v. Upshur Cnty.*, 245 F.3d 447 (5th Cir. 2001) .........................................13

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375 (5th Cir. 2003)...4

*Valentine*, 956 F.3d..........................................................................................17

*Valle*, 613 F.3d..............................................................................................5, 6

*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A., 2011 WL 4592057 (S.D. Tex. Sept. 30, 2011)..................................................................................................8, 9

*Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042 (5th Cir. 1996)..........................................11

Rules

Fed. R. Civ. P. 8(a)(2) ........................................................................................3

Fed. R. Civ. P. 12(b)(6) ...............................................................................1, 2, 3

Rule 8 ..............................................................................................................5

Rule 12(b)(1) ....................................................................................................2

Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.........................1

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.    This lawsuit stems from the death of Rory Ward, Jr. who allegedly died of head trauma on May 12, 2021 at Ben Taub Hospital while in the custody of Harris County Sheriff's Office (Doc. #56). Plaintiffs are Rowena Ward, individually and on behalf of Estate of Rory Ward, Jr., and Rory Ward, Sr., individually, (collectively "Plaintiffs" or by individual name). Plaintiffs allege that Harris County violated Rory Ward's rights under the Fourteenth Amendment to the U.S. Constitution. Plaintiffs allege an episodic act or omission claim and conditions of confinement claim for inadequate medical treatment.

2.    Plaintiffs filed their original complaint on May 8, 2023 (Doc. #1).

3.    On June 22, 2023, Plaintiffs filed their first amended complaint (Doc. #13).

4.    On September 9, 2024, Plaintiffs filed their second amended complaint (Doc. #56).

5.    Defendant Harris County now moves to dismiss Plaintiffs' claims against Harris County pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    STATEMENT OF THE FACTS

6.    Mr. Ward was allegedly assaulted by an inmate who punched him six times in the head on May 8, 2021, while in custody at the Harris County Jail. Mr. Ward was escorted to the medical clinic and received treatment for lacerations to the back of his head. After receiving treatment, Mr. Ward was medically cleared and returned to his cell.

7.    On May 11, 2021, Mr. Ward was observed slouched over and non-responsive on his bunk in his cell. He was transported to the first-floor medical clinic for medical evaluation. He was found to be breathing but non-responsive. He was immediately transported to Ben Taub Hospital.  He was taken into surgery and died the following day

of brain injuries.

### III.        STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.    Statement of Issues.**

8.    The issues to be ruled upon by the Court regarding Defendant Harris County are:

> (a)    Whether Rowena Ward has capacity to bring claims on behalf of Rory Ward Jr.'s estate?
>
> (b)    Whether Plaintiffs failed to state any claim upon which relief can be granted against the Defendant Harris County?

**B.    Standard of Review.**

9.    **Rule 12(b)(1)**. Rule 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. *See* Fed. R. Civ. P. 12(b)(1). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A Rule 12(b)(1) motion is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Home Builders*, 143 F.3d at 1010.

10.    **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings.

*See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

11.     Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

12.     "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

## IV.     SUMMARY OF THE ARGUMENT

13.     Plaintiff Rowena Ward lacks capacity to bring the survival claim on behalf of Rory Ward, Jr.'s estate. Plaintiffs have failed to state any plausible claim upon which relief can be granted against Defendant Harris County. Plaintiffs have failed to identify an official Harris County policy or custom that was the moving force behind the alleged violations of Rory Ward's constitutional rights.  Plaintiffs have failed to state any plausible factual allegations demonstrating through deliberate indifference, Defendant Harris County was the moving force behind Mr. Ward's death.

## V.     ARGUMENT AND AUTHORITIES

**A.     This Court Lacks Subject Matter Jurisdiction Over the Survival Claim.**

14.     **Survival Action.** Plaintiff, Rowena Ward, lacks capacity to bring the survival claim on behalf of Rory Ward, Jr.'s estate. Plaintiff's survival claim is improper because the

Second Amended Complaint does not identify the facts on which this claim relies and amount to nothing more than "naked assertions devoid of further factual enhancement," which is insufficient to satisfy the pleading requirements of Rule 8. *See Ashcroft*, 556 U.S. at 678. "Texas authorizes survival actions by the estate's personal representatives and heirs at law." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 212 (5th Cir. 2016). "Heirs at law can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none necessary." *Shepherd v. Ledford*, 962 S.W.2d 28, 31-32 (Tex. 1198). Plaintiff must submit evidence demonstrating that an estate administration is neither pending nor necessary to sue as a representative of Ward's estate. *See Valle*, 613 F.3d at 541. Plaintiffs have failed to plead facts that the estate administration has been resolved or that no administration is pending, and none is necessary. As such Plaintiff Rowena Ward lacks the capacity to sue as the representative of Ward's estate and the survival claim on behalf of the estate should be dismissed as a matter of law.

**B.    Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Harris County**

15.    **No Respondeat Superior**. "[U]nder §1983, local governments are responsible <u>only</u> for '<u>their own</u> illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of*

*Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., Harris County is not vicariously liable for its deputies' actions, even if unconstitutional. *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

16.    ***Monell* Claim.** To state a claim for municipal liability under § 1983, the plaintiff must allege that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017)). A policy is the moving force when there is "a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001).

17.    An official policy "includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. In general, it is important for courts to disaggregate asserted policies or customs when "they express no single municipal policy but only a series of adversarial conclusions." *Piotrowski*, 237 F.3d at 581. Disaggregation is similarly warranted when each custom "concerns a discrete [municipal] program or area of decision-making, and each invokes separate aspects of the policy issue." *Id*. And finally, courts should disaggregate asserted policies when "each alleged policy may have had a

distinct impact as the moving force" for the alleged constitutional violation. *Id*. Aggregating asserted policies or customs may provide an illusion of persistent, widespread practices that are merely a series of isolated violations that provide an insufficient basis for municipal liability. See *id*.

18.    It is therefore, crucial that governmental culpability and governmental causation "not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579. Plaintiffs, therefore, bear the burden of demonstrating that, through <u>deliberate</u> <u>indifference</u>, Harris County was the 'moving force' behind the injury alleged. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

19.    Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. *See Brown*, 520 U.S. at 411. Thus, Plaintiffs must allege facts which show not only an unconstitutional decision, but a decision by Harris County to violate the Constitution. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added).

20.    "In addition to culpability, [the pleadings must show] a direct causal link between

[an identified] municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579.  Therefore, and for purposes of a Rule 12(b)(6) motion, "the plaintiffs' description of a [governmental] policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added); *see also Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). The Court is "not bound to accept as true [the Plaintiffs'] legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The Fifth Circuit has defined "official policy" as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by official adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Sidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)). The "widespread practice" type of policy or custom cannot be proven by "random acts or isolated incidents...." *Piotrowski v. City of*

*Houston*, 237 F.3d 567, 581 (5th Cir. 2001); *Akins*, 2014 WL 105839 at \*11. "Isolated violations are not the persistent, often repeated constant violations that constitute custom or policy as required for municipal section 1983 liability." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (internal quotations omitted). "To demonstrate a governmental policy or custom under § 1983, a plaintiff must show at least a pattern of similar incidents in which the citizens were injured." *Akins*, 2014 WL 105839 at \*11 (internal citations and quotations omitted). Moreover, "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff...." *Piotrowski*, 237 F.3d at 579. The causation element requires that the plaintiff demonstrate the policy itself was the "moving force" behind the alleged constitutional violations. *See Akins v. Liberty Cnty.*, No. 1:13-cv-328, 2014 WL 105839, at \*9 (E.D. Tex. Jan. 9, 2014) (Crone, J.) (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996) ).

21.     For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was promulgated or ratified by the city's policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016). Here, Plaintiffs have not identified any specific, officially-promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of Rory Ward's constitutional rights. Nor have Plaintiffs established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a County policy. *See Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at \*12 (S.D. Tex. Sept. 30, 2011)

(Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted).

22.    Plaintiffs' allegations that Harris County had a policy, practice, or custom of not providing adequate medical treatment or delaying such care to injured detainees are unsubstantiated statements and conclusory allegations. Plaintiffs don't plead specific facts about the alleged policies. They simply state that such policies exist based only on Harris County's alleged conduct. This is insufficient. *Pena*, 879 F.3d at 621; *Scott*, 276 F.3d at 741.

23.    Additionally, Plaintiffs have not established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a county policy. Rather, Plaintiffs allege unsubstantiated statements and conclusory allegations masquerading as factual conclusions.

24.    Plaintiffs attempt at pleading a pattern of detainees dying from inadequate medical treatment at the Harris County Jail is flawed. Throughout Plaintiffs' Second Amended Complaint, Plaintiffs try to show a pattern of inadequate medical care by pointing to subsequent acts that occurred after the death of Mr. Ward. (Doc. 56, ¶¶ 43(a-c), 44, 45, & 52(b-d)). Contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide "notice to the cit[y] and the opportunity to conform to constitutional dictates ...." *Canton*, 489 U.S., at 395, 109 S.Ct. 1197.

25.     Ms. Ward's contends that her complaint is supported by details in a lawsuit that was subsequently filed against Harris County by twenty-two plaintiffs styled *Wagner, et al. v. Harris County*, No. 4:23-cv-2886. (Doc. 56, ¶ 45). Ward further contends that the complaint allegedly thoroughly details several deaths under circumstances similar to Rory's incident, namely they resulted from the deprivation of adequate medical treatment or a delay in such care. *Id*. Ms. Ward is in essence attempting to use another party's subsequently filed lawsuit against Harris County to support her claims against Harris County. It has long been the rule that other lawsuits are not evidence of anything. "Pleadings are not competent summary-judgment evidence." See also, *Wallace v. Tex. Tech. Univ*., 80 F.3d 1042, 1047 (5th Cir. 1996).

26.     These matters, that are generically referenced in the Second Amended Complaint, do not establish a pattern of similar incidents. *See Peterson v. City of Fort Worth*, 588 F.3d 383, 851 (5th Cir. 2009) ("a pattern requires similarity and specificity; prior indications cannot be for any and all bad or unwise acts, but rather must point to the specific violation in question"). Further, the reference to these matters is flawed because (a) there are no facts or details that show how these complaints are similar to what ultimately transpired in this case; (b) the reference fails to provide any evidence that these complaints actually involved unconstitutional conduct by Harris County; and (c) it fails to plausibly suggest a custom or pattern of abuse to which Harris County was deliberately indifferent. Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal.  *See Taylor*, 296 F.3d at 378.

27.     The complaint also fails to point to an obvious inadequacy in Harris County's

policies indicating that constitutional violations would be a "highly predictable consequence." Ward's policy-based allegations related to medical care are highly generalized. She has not pointed to any specific, official County policies that are obviously constitutionally infirm, nor has she provided any explanation as to how the County's policies are obviously inadequate. These conclusory generalizations are insufficient to plead a municipal liability claim under § 1983. See *Sligh*, 87 F.4th at 303; *Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 917, 922 (5th Cir. 2021). Thus, Ward's complaint fails to adequately allege that a Harris County policy was a "moving force" behind any constitutionally inadequate medical care Rory Ward may have received. Plaintiffs have failed to state a claim upon which relief can be granted against Harris County and their claims against Harris County should be dismissed as a matter of law.

28.    **No Deliberate Indifference.** Based on the pleadings, Plaintiffs have failed to state any plausible factual allegations of deliberate indifference or causation. The County cannot be liable for civil rights violations under a theory of *respondeat superior*. *See Davidson*, 848 F.3d at 395. "In the context of claims based on denial of adequate medical care demonstrating deliberate indifference requires evidence that prison officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Rogers v. Hierholzer*, 857 F. App'x 831, 833 (5th Cir. 2021) (per curiam) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent

exceptional circumstances." *Gobert*, 463 F.3d at 346. Other than bare unsubstantiated allegations, Plaintiffs have failed to meet their pleading burden. Accordingly, Plaintiffs fail to state a claim upon which relief can be granted against Harris County and their claims against the County should be dismissed as a matter of law.

29.    **Inadequate Medical Treatment -Episodic Act or Omission Claim.** "To establish municipal liability in an episodic-act case, a plaintiff must show '(1) that the municipal employee violated the pretrial detainee's clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference.' " *Id.* (quoting *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008)). The first element requires that there be "an underlying violation by the state official." *Estate of Henson v. Wichita Cnty.*, 795 F.3d 456, 467 n.4 (5th Cir. 2015). Absent a "show[ing] that the state official acted with subjective deliberate indifference," claims for municipal liability ultimately fail. *Id*. The first element concerns whether there has been a violation of due process, whereas the second element is required to hold the "municipality accountable for that due process violation." *Hare v. City of Corinth*, 74 F.3d 633, 649 n.4 (5th Cir. 1996) (en banc).

30.    Establishing deliberate indifference on the part of a municipality generally requires a "pattern of similar violations" arising from a policy "so clearly inadequate as to be 'obviously likely to result in a constitutional violation.' " *Burge v. Saint Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001)).

31.    Plaintiff's alleged facts raise an episodic denial of medical care claim and a related, yet distinct, unsafe conditions of confinement claim, which are both subject to the requirements of *Monell*. But before reaching the *Monell* analysis, the Court must ensure that Plaintiff has successfully pleaded an underlying constitutional violation. There can be no municipal liability under *Monell* in the absence of an underlying constitutional violation. See *Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (noting that because there was no constitutional violation, there can be no *Monell* claims); *Brown v. Wilkinson Cnty. Sheriff Dep't*, 742 F. App'x 883, 884 (5th Cir. 2018) (holding that, because the plaintiff failed to demonstrate an underlying constitutional violation, the claims against the county and the officers in their official capacities failed); *Harris v. Serpas*, 745 F.3d 767, 774 (5th Cir. 2014) (upholding the district court's dismissal of the *Monell* claims because the plaintiffs had not shown there was a constitutional violation).

32.    Plaintiffs fail to articulate an underlying constitutional violation for episodic denial of medical care. Plaintiffs fails to sufficiently plead that the Individual Defendants were deliberately indifferent in denying Ward medical care. Indeed, the facts show that those Defendants provided Ward some medical care, whether sufficient or not. Unable to identify any actor who deprived Ward of medical care, Plaintiff cannot recover against Harris County on that claim. Plaintiffs concede in their second amended complaint that Ward was taken to the medical clinic multiple times and treated while at the jail. (Doc. 56, ¶¶ 24, 24, 38). "A disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under § 1983 only if there were exceptional circumstances." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995). Although he

may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir.1992). Further Plaintiffs have failed to put forth facts sufficient to demonstrate that the predicate episodic act or omission resulted from a municipal custom, rule, or policy adopted or maintained with objective deliberate indifference to the detainee's constitutional rights. See *Grabowski v. Jackson County Pub. Defenders Office*, 79 F.3d 478, 479 (5th Cir.1996) (per curiam) (en banc) (citing *Hare*, 74 F.3d at 649 n. 4).

33. **Inadequate Medical Treatment-Conditions of Confinement.** To state a conditions-of-confinement claim, a plaintiff must allege (1) "a rule or restriction or ... the existence of an identifiable intended condition or practice ... [or] that the jail official's acts or omissions were sufficiently extended or pervasive; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [the inmate's] constitutional rights." *Estate of Henson v. Wichita Cty*., 795 F.3d 456, 468 (5th Cir. 2015).

34. To establish municipal liability on a conditions-of-confinement claim, a pretrial detainee must show: (1) a condition of confinement; (2) not reasonably related to a legitimate governmental objective; (3) which caused a violation of the detainee's constitutional rights. See *Duvall*, 631 F.3d at 207.

35. A condition of confinement may be shown through an intentionally adopted official policy or "an unstated or de facto policy, as evidenced by a pattern of acts or omissions 'sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice.' " See *id*. (quoting

15

*Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009)) (alteration in original). Proving a pattern amounting to an intended condition or practice is a heavy burden that the Fifth Circuit has rarely found satisfied. See *Shepherd*, 591 F.3d at 452. To be actionable, a condition of confinement must be more than a de minimis violation. See *Duvall*, 631 F.3d at 208. The de minimus exception is a "significant threshold to liability." *Id*. Accordingly, the Fifth Circuit has held:

> [I]solated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally inadequate. Nor can the incidence of diseases or infections, standing alone, imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks. Allegations of insufficient funding are similarly unavailing. Rather, a detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs.

*Shepherd*, 591 F.3d at 454. On the second element, the reasonable-relationship test is employed in place of the objective deliberate indifference standard used in episodic acts or omissions cases; however, these tests are functionally equivalent. See *Duvall*, 631 F.3d at 209 (citing *Scott*, 114 F.3d at 54). A condition of confinement lacks a reasonable relationship to a legitimate governmental objective if it is "arbitrary or purposeless." See *Shepherd*, 591 F.3d at 454 (quoting *Bell*, 441 U.S. at 539).

36.    Ward has not stated a claim under any element of a conditions-of-confinement claim. Ward's allegation that some incidents may be similar to Rory's and involve inadequate medical treatment, in and of itself, does not state a claim of deliberate

indifference. See *Valentine*, 956 F.3d at 801. Ward has not pleaded a policy to deny medical care to inmates or to wholly ignore specific medical guidelines for use in correctional facilities. Nor has Ward pleaded a pervasive pattern of serious deficiencies in providing for the needs of Harris County Jail inmates. *Id*.; see *Shepherd*, 591 F.3d at 454. In sum, Plaintiffs failed to plead facts showing Mr. Ward's constitutional rights were violated, if at all, due to a municipal policy or custom. As a result, Plaintiffs failed to allege facts that would extend liability to Harris County, and dismissal of Plaintiffs' claim against Harris County is appropriate. See, e.g., *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) ("To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.' ").

## VI.    CONCLUSION

37.    For the reasons stated herein, Plaintiffs have failed to state any plausible claim upon which relief can be granted against Harris County, Texas.  Accordingly, the Defendant Harris County is entitled to dismissal of Plaintiffs' claims as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County requests that the Court grant its motion and enter an order dismissing Plaintiffs' claim against Harris County, award the County its costs, and grant all other relief to which the Harris County is entitled.

Date: September 24, 2024

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By: */s/ Gregory Burnett*
GREGORY BURNETT
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

SUZANNE BRADLEY
Senior Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 00793375
Federal ID No. 24567
Tel: (713) 274-5330 (direct)
Suzanne.Bradley@harriscountytx.gov

Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**ATTORNEY FOR HARRIS COUNTY**

## <u>CERTIFICATE OF WORD COUNT COMPLIANCE</u>

I, Gregory Burnett, certify Harris County Defendant's Motion to Dismiss complies with Local Rule 7.1(f).

I further certify that, in preparation of the Memorandum, I used Word for Microsoft Office 365 Version 2108, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above-referenced memorandum contains <u>4777</u> words.

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred in good faith with Plaintiff's counsel on September 23, 2024 by phone regarding the issues in the motion to dismiss addressing the Plaintiff's Second Amended Complaint. Plaintiff was opposed to the motion.

## <u>CERTIFICATE OF SERVICE</u>

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Gregory Burnett*
GREGORY BURNETT