IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RORY WARD SR., *ET AL.* | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:23-CV-1708 |
| HARRIS COUNTY, TEXAS, *ET AL.* | § § § | |
| *Defendants.* | § § | |

## DEFENDANT NAILA DHANANI, M.D.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Naila Dhanani, M.D. ("Dr. Dhanani") files this Motion to Dismiss for Failure to State a Claim in response to Plaintiffs' Second Amended Complaint (Doc. 56), and in support thereof, Dr. Dhanani would respectfully show the Court the following:

### NATURE AND STAGE OF PROCEEDING

1. This lawsuit arises from the death of Rory Ward, Jr. ("Ward") on May 12, 2021 while confined in the Harris County Jail. Plaintiffs claim Ward's death arose from violations of his constitutional rights, and Plaintiffs bring claims pursuant to 42 U.S.C. §1983. On September 9, 2024, Plaintiffs filed their Second Amended Complaint adding several individual defendants, including Dr. Dhanani. Dr. Dhanani now moves to dismiss Plaintiff's claims based on the statute of limitations.

### SUMMARY OF THE ARGUMENT

2. Plaintiffs' claims are barred by the statute of limitations. Plaintiffs' claims against Dr. Dhanani commenced on May 12, 2021 at the latest. Federal courts look to the state's statute

of limitations in section 1983 cases. Under Texas law, the Texas Medical Liability Act, as codified in Chapter 74 of the Texas Civil Practice and Remedies Code (the "TMLA"), provides a two year statute of limitations for health care liability claim. This statute of limitations has been described as absolute and does not permit any type of tolling. Since Plaintiffs did not file suit against Dr. Dhanani within this statute of limitations, Plaintiffs' claims against her are time-barred, and Dr. Dhanani requests that the Court dismiss her from this action.

## FACTUAL BACKGROUND

3.      Plaintiffs allege that, on May 8, 2021, Ward was attacked by four inmates while confined in the Harris County Jail. *Pltfs' 2nd Am. Cmplt. (Doc. 56) at ¶¶ 22*. Plaintiffs further allege that Ward suffered a brain injury and laceration to the back of his head during this attack. *Id. at ¶¶ 22, 24*. Shortly thereafter, officers escorted Ward to the medical clinic where he was assessed and his symptoms were documented. *Id. at ¶ 24*. According to Plaintiffs, the staff in the clinic "did not perform any non-superficial testing, imaging, or examination," but instead, "he was given a bandage for his head and prescriptions of Naproxen and Pedialyte." *Id.* Plaintiffs claim Ward was then removed from the clinic by officers and then confined in holding cells without any further medical assessment until May 10, 2021. *Id. at ¶¶ 25–34*.

4.      Plaintiffs allege that, on May 10, 2021, Ward was taken to an "examination room" where medical staff dressed his wound. *Id. at ¶ 34*. Plaintiffs claim they did not perform any testing, imaging, or non-superficial examination on this occasion. *Id.*

5.      Plaintiffs allege that, on May 11, 2021, Ward was found unresponsive and was transferred to Ben Taub Hospital where he was diagnosed with a subdural hematoma. *Id. at ¶¶ 37–38*. On May 12, 2021, Ward was declared dead. *Id. at ¶ 39*.

6. On May 8, 2023, Plaintiffs filed suit against Harris County, Texas. *See Pltfs' Orig. Cmplt. (Doc. 1)*. Therein, Plaintiffs reference Ward's medical examination on May 8, 2021 following his assault and the follow-up examination days later. *Id. at Pg. 2 and ¶¶ 8, 12–13*. However, Plaintiffs did not file suit against Dr. Dhanani or any of the other medical staff involved until more than a year later. *See id.*

7. On July 26, 2024, Plaintiffs moved for leave to amend their complaint to include several jailers and medical staff, including Dr. Dhanani, as defendants. *See Mtn. for Leave (Doc. 49)*. On September 6, 2024, the Court granted Plaintiffs' motion for leave, and on September 9, 2024, Plaintiffs filed their Second Amended Complaint. *See Order (Doc. 55); Pltfs' 2nd Am. Cmplt. (Doc. 56)*.

8. In their Second Amended Complaint, Plaintiffs allege that Dr. Dhanani observed and treated Ward, documented his injuries, and prescribed medication. *Pltfs' 2nd Am. Cmplt. (Doc. 56) at ¶ 171*. However, Plaintiffs claim that Dr. Dhanani, among other medical staff, did not undertake any examination, screening, testing, or imaging of Ward and failed to properly treat Ward. *Id. at ¶¶ 172, 175*. Plaintiffs claim Dr. Dhanani and the medical staff failed to examine Ward's internal or cognitive conditions and failed to refer him to providers offsite who were capable of examining Ward's condition. *Id. at ¶ 173*. Plaintiffs claim these alleged omissions caused Ward's death and amounted to a violation of Ward's rights under the Fourteenth Amendment. *Id. at ¶¶ 174, 176*. As established herein, Plaintiffs' claims against Dr. Dhanani are barred by the statute of limitations.

## ARGUMENT & AUTHORITY

**I.   STANDARD OF REVIEW.**

9. Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss for failure to state a claim, the district court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

10. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003). As shown herein, it is evident from Plaintiffs' complaint that their claims against Dr. Dhanani are barred by the applicable statute of limitations and there is no basis in fact or law for tolling.

**II.   PLAINTIFFS' CLAIMS ARE BARRED BY LIMITATIONS.**

11. Plaintiffs assert their claims under 42 U.S.C. § 1983. "Federal courts borrow state statutes of limitations to govern claims brought under section 1983." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999); *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993). In this case, Texas provides a two year statute of limitations for health care liability claims.

12. The TMLA defines a health care liability claim as:

> A cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE § 74.001(13). Under this definition, a health care liability claim consists of three elements: (1) a physician or a health care provider is the defendant; (2) the suit must relate to the patient's treatment, lack of treatment, or some other departure from accepted standards of medical care, health care, or safety, or professional or administrative services directly related to health care; and (3) the defendant's act, omission or other departure must proximately cause the claimant's injury or death. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 662 (Tex. 2010).

13. Whether a claim constitutes a health care liability claim is a question of law determined by "the underlying nature of the plaintiff's claim rather than its label." *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019). Furthermore, there is a rebuttable presumption that claims based on facts implicating a health-care provider's conduct during patient care, treatment, or confinement are health-care liability claims. *Loaisiga v. Cerda*, 379 S.W.3d 248, 252 (Tex. 2012).

14. As stated by Plaintiffs, Dr. Dhanani is a physician thereby satisfying the first element of a health care liability claim. *Pltfs' 2nd Am. Cmplt. (Doc. 56) at ¶¶ 15, 171*.

15. In regard to the second element, Plaintiffs' claims against Dr. Dhanani arising from alleged treatment, lack of treatment, or other claimed departures from accepted standards of medical care. As noted above, Plaintiffs allege that Dr. Dhanani treated Ward, documented his injuries, and prescribed medication. *Pltfs' 2nd Am. Cmplt. (Doc. 56) at ¶ 171*. However, Plaintiffs

5

claim that Dr. Dhanani failed to undertake any examination, screening, testing, or imaging of Ward and failed to properly treat Ward. *Id.* at ¶¶ *172, 175.* Specifically, Plaintiffs claim Dr. Dhanani and the medical staff failed to examine Ward's internal or cognitive conditions and failed to refer him to providers offsite who were capable of examining Ward's condition. *Id.* at ¶ *173.* Since Plaintiffs complain of the medical care provided by Dr. Dhanani, the second element is satisfied.

16.     As for the third element, Plaintiffs claim Dr. Dhanani's alleged acts or omissions caused Ward's death. *Pltfs' 2nd Am. Cmplt. (Doc. 56)* at ¶¶ *174, 176.* Therefore, the third element has been satisfied, and Plaintiffs' claim against Dr. Dhanani constitutes a health care liability claim under the TMLA.

17.     The TMLA provides a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 74.251(a); *Smith v. Palafox*, 728 Fed. Appx. 270, 275 (5th Cir. 2018). Specifically, the TMLA states, in relevant part:

> Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed …

TEX. CIV. PRAC. & REM. CODE § 74.251(a). The limitations period commences on: (1) the date of the occurrence of the alleged breach or tort; (2) date that the relevant course of treatment was completed; or (3) last date of the relevant hospitalization. *Smith*, 728 Fed. Appx. at 275 (citing *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001)). A medical malpractice claimant may not select a commencement date that most favors his or her case. *Id.* If the date of the alleged breach or tort is ascertainable, limitations begins to run on that date, and inquiries into second and third categories of onset dates are not necessary. *Id.*

6

18. While Plaintiffs do not plead the specific date in which Dr. Dhanani examined or treated Ward, Plaintiffs plead interactions with medical staff, presumably including Dr. Dhanani, on May 8, 2021 and May 10, 2021. *Pltfs' 2nd Am. Cmplt. (Doc. 56) at ¶¶ 22, 24, 34.* As a result, the statute of limitations commenced on May 10, 2021 and expired on May 10, 2023.[1] However, Plaintiffs did not file suit against Dr. Dhanani until more than a year after limitations expired. As a result, Plaintiffs' claims against Dr. Dhanani are barred by the statute of limitations and should be dismissed.

### III.    TOLLING IS NOT PERMITTED FOR PLAINTIFFS' CLAIMS AGAINST DR. DHANANI.

19. To avoid limitations, Plaintiffs' pleadings must raise some basis for tolling. *Jones*, 339 F.3d at 366. Here, Plaintiffs' Second Amended Complaint fails to set forth any basis for tolling their claims against Dr. Dhanani. *See Pltfs' 2nd Am. Cmplt. (Doc. 56).* Thus, tolling is not warranted for this reason alone. Nonetheless, even if Plaintiffs properly pled a basis for tolling in their amended complaint, tolling is not permitted against Dr. Dhanani.

20. It is well-established that, in addition to borrowing a state's statute of limitations for a section 1983 claim, a federal court should also borrow the corresponding tolling rules for such actions. *Regents v. Tomanio*, 446 U.S. 478, 482, 64 L. Ed. 2d 440, 100 S. Ct. 1790 (1980); *FDIC v. Dawson*, 4 F.3d 1303, 1312 (5th Cir.), *cert. denied*, 512 U.S. 1205, 114 S. Ct. 2673, 129 L. Ed. 2d 809 (1993) (holding that, when the applicable statute of limitations is borrowed from the state, that state's tolling rules are to be the "primary guide" for the courts.). **Texas does not allow for tolling of the statute of limitations in health care liability claims.** *Molinet*, 356 S.W.3d at 415; *Diaz*, 941 S.W.2d at 99.

---

[1] At the very latest, the statute of limitations commenced on the date of Ward's death, May 12, 2021.

21. As quoted above, the TMLA's statute of limitations is two years "notwithstanding any other law." TEX. CIV. PRAC. & REM. CODE § 74.251(a). Texas courts have interpreted this language to mean that the statute of limitations for health care liability claims is **absolute and not subject to tolling**. *Molinet*, 356 S.W.3d at 415; *Diaz*, 941 S.W.2d at 99; *see also Mena v. Lenz*, 349 S.W.3d 650, 654–56 (Tex. App.—Corpus Christi 2011, no pet.) (jurisdictional tolling provision did not apply in a health care liability claim); *Dunn v. Clairmont Tyler, LP*, 271 S.W.3d 867, 870 (Tex. App.—Tyler 2008, no pet.) (tolling doctrine for incapacitated persons did not apply in a health care liability claim); *Yancy v. United Surgical Partners Int'l, Inc.*, 170 S.W.3d 185, 189 (Tex. App.—Dallas 2005), *aff'd*, 236 S.W.3d 778 (Tex. 2007) (same). While this may result in "harsh" rulings, Texas courts follow the intent of the Legislature in applying the statute of limitations. *See Brown v. Shwarts,* 968 S.W.2d 331, 334 (Tex. 1998); *O'Reilly v. Wiseman*, 107 S.W.3d 699, 708, 710 (Tex. App.—Austin 2003, pet. denied).

22. The federal courts sitting in Texas have also recognized the absolute nature of the statute of limitations in Texas health care liability claims. *See Estate of Salas v. Bicette*, No. 4:21-CV-484, 2021 U.S. Dist. LEXIS 243413, at *7 (S.D. Tex. Dec. 21, 2021); *DeLeon v. Tey*, No. 7:13-CV-439, 2013 WL 7157957, *4 n.27 (S.D. Tex. Dec. 4, 2013) (citing *Molinet*, 356 S.W.3d at 415; *Diaz*, 941 S.W.2d at 99); *Schofield v. Wellstone Health*, No. 6:19-CV-00415-ADA-JCM, 2020 U.S. Dist. LEXIS 146042, at *9 (W.D. Tex. March 2, 2020); *Blas v. Rosen*, No. DR-18-CV-66-AM, 2019 U.S. Dist. LEXIS 180126, at *17 (W.D. Tex. July 16, 2019).

23. While Plaintiffs have not alleged a basis for tolling the limitations period against Dr. Dhanani, tolling is not permitted in regard to the claims asserted against her. Therefore, Plaintiffs' claims against Dr. Dhanani are time-barred, and Dr. Dhanani respectfully requests that the Court dismiss the claims against her.

## CONCLUSION

24. For these reasons, Defendant Naila Dhanani, M.D. prays that the Court grant her Motion to Dismiss for Failure to State a Claim and enter an order dismissing her from this action with prejudice and providing her with any other relief to which she may be entitled.

Respectfully submitted,

By: /s/ Chris M. Knudsen
Chris M. Knudsen
S.D. Tex. No. 432022
Texas Bar No. 24041268
SERPE ANDREWS PLLC
2929 Allen Parkway, Suite 1600
Houston, TX 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499
Email: cknudsen@serpeandrews.com

**Attorney-in-Charge for Defendant,
Naila Dhanani, M.D.**

OF COUNSEL:

John S. Serpe
S.D. Tex. No. 4741
Texas Bar No. 18037400
SERPE ANDREWS PLLC
2929 Allen Parkway, Suite 1600
Houston, TX 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499
Email: jserpe@serpeandrews.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that, on December 6, 2024, I conferred with Plaintiffs' counsel about the relief requested in this motion, and he is opposed.

/s/ Chris M. Knudsen
Chris M. Knudsen

## CERTIFICATE OF SERVICE

I hereby certify that, on December 9, 2024, a true and correct copy of the foregoing instrument was served on all counsel of record via the Southern District of Texas' electronic case filing system in accordance with the Federal Rules of Civil Procedure.

/s/ Chris M. Knudsen
Chris M. Knudsen