IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROWENA WARD individually, and on behalf of the Estate of RORY WARD JR., and RORY WARD SR, individually,<br>  *Plaintiffs,*<br><br>V.<br><br>HARRIS COUNTY, TEXAS<br>  *Defendant.* | §§§§§§§§§§§ CIVIL ACTION NO. 4:23-cv-1708 |

# DEFENDANTS TREVIN GAMBLE, SAMUEL GAMEZ, NICOLAS GUZMAN AND AARON REESE'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND MOTION TO STAY

TO THE HONORABLE JUDGE ESKRIDGE:

Defendant Trevin Gamble, Samuel Gamez, Nicolas Guzman and Aaron Reese (Defendants or by individual names) file this motion to dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6), and show the Court the following:

# Table of Contents

I.    NATURE AND STAGE OF PROCEEDING ................................................................. 1

II.    STANDARD OF REVIEW ........................................................................................... 1

III.   SUMMARY OF ARGUMENT .................................................................................... 2

IV.   ARGUMENTS AND AUTHORITIES......................................................................... 3

CERTIFICATE OF WORD COUNT ..................................................................................... 12

# Table of Authorities

Page(s)

Cases

1:23-cv-84,
  2024 WL 928052 (S.D. Tex. Feb. 13, 2024) ................................................................ 4

4:20-cv-758,
  2021 WL 3089242 (S.D. Tex. July 22, 2021)............................................................... 4

5:24-cv-25,
  2024 WL 3796193 (S.D. Tex. August 13, 2024)......................................................... 4

09-220J,
  2010 WL 885651 (W.D. Pa. Aug. 31, 2010) ............................................................... 8

*Allen v. Cisneros*,
  815 F.3d 239 (5th Cir. 2016) ....................................................................................... 5

*Arenas v. Calhoun*,
  922 F.3d 616 (5th Cir. 2019) ....................................................................................... 7

*Arnold v. Williams*,
  979 F.3d 262 (5th Cir. 2020) ....................................................................................... 5

*Ashcroft v. al-Kidd*,
  565 U.S. 731 (2011)..................................................................................................... 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................. 1, 2

*Backe v. Le Blanc*,
  691 F.3d 645 (5th Cir. 2012) ....................................................................................... 5

*Baldwin*,
  964 F.3d........................................................................................................................ 7

*Beckwith v. City of Houston*,
  790 Fed. Appx. 568 (5th Cir. 2019)............................................................................. 3

i

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 1, 2
*Brown v. Coulston*,
   463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) ............................................................ 4
*Carroll v. Ellington*,
   800 F. 3d 154 (5th Cir. 2015) ...................................................................................... 5
*Carswell v. Camp,*
   54 F.4th 307 (5th Cir. 2022) ...................................................................................... 10
*Converse v. City of Kemah, Tex.*,
   961 F.3d 771 (5th Cir. 2020) ....................................................................................... 9
*Cope v. Cogdill*,
   3 F.4th 198 (5th Cir. 2021) .......................................................................................... 7
*Domino v. Texas Dep't of Crim. Justice*,
   239 F.3d 752 (5th Cir. 2001) .................................................................................. 7, 9
*Dyer*,
   964 F.3d ................................................................................................................. 9, 10
*Estate of Bonilla*,
   982 F.3d ............................................................................................................ 7, 8, 10
*Fraire v. City of Arlington*,
   957 F.2d 1268 (5th Cir. 1992) ..................................................................................... 6
*Gates v. Tex. Dep't of Protective & Regulatory Servs.*,
   537 F.3d 404 (5th Cir. 2008) ....................................................................................... 6
*Gaudreault v. Municipality of Salem*,
   923 F.2d 203 (1st Cir. 1990) ........................................................................................ 8
*Hale v. King*,
   642 F.3d 492 (5th Cir. 2011) ....................................................................................... 2
*Henderson v. Sheahan*,
   196 F.3d 839 (7th Cir. 1999) ....................................................................................... 9
*Hyatt v. Thomas*,
   843 F.3d 172 (5th Cir. 2016) .................................................................................. 8, 9
*Irwin v. Dep't of Veterans Affairs*,
   489 U.S. 89 (1990) ....................................................................................................... 3
*Jackson v. Fernauld*,
   104 F. App'x 443 (5th Cir. 2004) ................................................................................ 8
*Jackson v. Procunier*,
   789 F.2d 307 (5th Cir. 1986) ....................................................................................... 1
*Jesionowski v. Beck*,
   937 F. Supp. 95 (D. Mass. 1996) ................................................................................ 8
*Jones v. Lowndes County*,
   678 F.3d 344 (5th Cir. 2012) ..................................................................................... 10

*King v. Handorf*,
   821 F.3d 650 (5th Cir. 2016) ................................................................................... 4
*Leal v. McHugh*,
   731 F.3d 405 (5th Cir. 2013) ................................................................................... 2
*Lozano v. Smith*,
   718 F.2d 756 (5th Cir. 1983) ................................................................................. 10
*Malley v. Briggs*,
   475 U.S. 335 (1986) ................................................................................................ 6
*Messerschmidt v. Millender*,
   565 U.S. 535 (2012) ................................................................................................ 4
*Morgan v. Swanson*,
   659 F.3d 359 (5th Cir. 2011) ................................................................................... 5
*Morin v. Caire*,
   77 F.3d 116 (5th Cir. 1996) ................................................................................ 1, 3
*Morrow v. Meachum*,
   917 F.3d 870 (5th Cir. 2019) ................................................................................... 4
*Mosely v. Bexar Cty.*,
   Civil Action No. SA-17-cv-583-XR, 2020 WL 589540 (W.D. Tex. Feb. 5, 2020) ... 8
*Mullenix v. Luna*,
   136 S. Ct. 305 (2015) .............................................................................................. 6
*Myers v. Nash*,
   464 F. App'x 348 (5th Cir. 2012) ............................................................................ 3
*Pearson v. Callahan*,
   555 U.S. 223 (2009) ................................................................................................ 6
*Perniciaro v. Lea*,
   901 F.3d 241 (5th Cir. 2018) ............................................................................... 8, 9
*Rashidi v. American President Lines*,
   96 F.3d 124 (5th Cir. 1996) ..................................................................................... 3
*Reichle v. Howards*,
   566 U.S. 658 (2012) ................................................................................................ 4
*Shaw v. Villanueva*,
   918 F.3d 414 (5th Cir. 2019) ................................................................................... 2
*Shepard v. Hansford Cty.*,
   110 F.Supp.3d 696 (N.D. Tex. 2015) ................................................................... 6, 7
*Sherrer v. Stephens*,
   50 F.3d 496 (8th Cir. 1994) ..................................................................................... 9
*Spence v. Nelson*,
   603 F. App'x 250 (5th Cir. 2015) ......................................................................... 10
*Tarver v. City of Edna*,
   410 F.3d 745 (5th Cir. 2005) ................................................................................... 5

*Teemac v. Henderson*,
    298 F.3d 452 (5th Cir. 2002) ............................................................................................... 3
*Thompson v. Upshur Cty., Tex.*,
    245 F.3d 447 (5th Cir. 2001) ............................................................................................... 7
*Turner v. Dallas County Jail*,
    No. 3:04cv2165-H, 2006 WL 1388441 (N.D. Tex. May 17, 2006) ............................ 9
*United States v. Patterson*,
    211 F.3d 927 (5th Cir. 2000) ............................................................................................... 3
*Washington ex rel. J.W. v. Katy Indep. School Dist.*,
    390 F.Supp.3d 822 (S.D. Tex. Jun 5, 2019) ................................................................ 5

Statutes

42 U.S.C §1983 ................................................................................................................. 3

Rules

Fed. R. Civ. P. 8(a)(2) ...................................................................................................... 1
Fed. R. Civ. P. 12(b)(6) ................................................................................................ i, 1

## I.   NATURE AND STAGE OF PROCEEDING

1. Plaintiffs filed suit on May 8, 2023. Docket Entry (DE) 1. Plaintiffs made allegations against Harris County alleging that Rory Ward was beaten and died while in custody at the Harris County jail in May 2021.

2. Plaintiffs amended their complaint on June 23, 2023 and filed their second amended complaint on September 9, 2024 naming Defendants, detention officers at the Harris County jail, among several other individual defendants (DE) 56.

3. Plaintiffs assert against Gamez, Guzman, Gamble, and Reese a claim of deliberate indifference in Counts 2, 3, 9, and 10, respectively of their second amended complaint from an incident which occurred on May 8, 2021.

## II.   STANDARD OF REVIEW

4. This court must take all well-pleaded facts as true when considering a motion to dismiss. If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. See Fed. R. Civ. P. 12(b)(6). See *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5. "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft*, 556 U.S. at 678-679. In short, the Plaintiff must plead plausible facts

1

which if true, would impose liability on the Defendant. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

6. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions are not sufficient. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

1. STATEMENT OF ISSUES

7. Whether Plaintiffs' claims against Defendants are barred by limitations.

8. Whether Plaintiffs plead facts sufficient to overcome Defendants' entitlement to qualified immunity.

### III.   SUMMARY OF ARGUMENT

9. Plaintiffs' claims against Defendants should be dismissed with prejudice because they are barred by limitations. Plaintiffs do not advance a relation back theory and equitable tolling does not apply. Plaintiffs do not overcome Defendants' entitlement to

qualified immunity, and discovery should be stayed pending resolution of her entitlement to qualified immunity.

### IV.   ARGUMENTS AND AUTHORITIES

10.   **Statute of Limitations.** The claims against Defendants are barred by the statute of limitations and should be dismissed.

11.   The statute of limitations for a 42 U.S.C §1983 claim in Texas is two years. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019). The injuries and death of Rory Ward occurred in May 2021.  Gamez, Guzman, Gamble and Reese were named as defendants on September 9, 2024, well after the limitations period. Plaintiffs advance a theory of equitable tolling to extend the limitations period.

12.   Both Texas and federal courts "sparingly" apply equitable tolling. *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012). "Traditional equitable principles preclude a court from invoking equitable tolling...when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Id*. at 299.

13.   Equitable tolling applies only in "rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452 (5th Cir. 2002). Requests for equitable tolling are most frequently granted when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "A 'garden variety claim of excusable neglect' does not support equitable tolling." *Rashidi v. American President Lines*, 96 F.3d 124, 127 (5th Cir. 1996) (citing *Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 96 (1990).

3

14. Although Plaintiffs have previously cited several cases which permitted tolling of limitations, by definition it is not a one-size-fits-all doctrine, and there are other cases which decline to permit tolling: *Leal v. City of Laredo*, Civil 5:24-cv-25, 2024 WL 3796193 (S.D. Tex. August 13, 2024); *Brooks v. City of Houston*, Civil 4:20-cv-758, 2021 WL 3089242 (S.D. Tex. July 22, 2021); *Carmona v. City of Brownsville*, Civil 1:23-cv-84, 2024 WL 928052 (S.D. Tex. Feb. 13, 2024).

15. Defendants submit that it is patently inequitable to apply tolling with respect to the alleged encounter with Rory Ward over three years ago in 2021 which appears to be based upon a photograph. Notably, Plaintiffs do not allege Defendants used excessive force or directly injured Ward.

16. **Qualified Immunity**. Qualified immunity is an affirmative defense that shields a government official "from civil damages liability unless [he] violated a statute of constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). The doctrine "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012); *see also Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019).

17. When a defendant invokes qualified immunity, the plaintiff must demonstrate that the defense does not apply. *See King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016).

4

The "plaintiff seeking to overcome qualified immunity, must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams,* 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. Le Blanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019).

18.     To negate the qualified immunity defense, plaintiff must establish that (1) a public officer's conduct violated a constitutional right and (2) that said conduct was objectively unreasonable in light of clearly established law at the time of the alleged violation. *Ashcroft v. al-Kidd*, 565 U.S. 731, 735 (2011); *Allen v. Cisneros*, 815 F.3d 239, 244 (5th Cir. 2016). "When considering a defendant's entitlement to qualified immunity, [a court] must ask whether the law so clearly and unambiguously prohibited his conduct that '*every* reasonable official would understand that what he is doing violates [the law].'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011); *see also Carroll v. Ellington*, 800 F. 3d 154, 169 (5th Cir. 2015). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005). The court "must be able to point to controlling authority—or a 'robust consensus of persuasive authority'—that defines the contours of the right in question with a high degree of particularity." *Morgan*, 659 F.3d at 371–72 (citation omitted).  A

5

case directly on point is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015); *see also Sama v. Hannigan*, 669 F.3d 585, 591 (5th Cir. 2012) (a right is "clearly established" only where pre-existing law "dictate[s], that is truly compels (not just suggests or allows or raises a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in these circumstances").

19. The plaintiff must also show that the defendant's conduct was objectively unreasonable. *Pearson v. Callahan*, 555 U.S. 223, 243 (2009). "An official's actions are "objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the conduct violated the Constitution." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). "If reasonable public officials could differ on the lawfulness of the official's actions, the official is entitled to qualified immunity." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In short, Defendants would be entitled to qualified immunity if their conduct was objectively reasonable even if such conduct violated Rory Ward's constitutional rights. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

20. As a pretrial detainee, Rory Ward had a constitutional right under the Fourteenth Amendment to adequate medical care during his confinement at the Harris County jail. *See Shepard v. Hansford Cty.*, 110 F.Supp.3d 696, 708 (N.D. Tex. 2015) (citing

*Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)). Plaintiffs, here, have alleged that the episodic act or omission of Defendants violated Rory Ward's constitutional rights under the Fourteenth Amendment [D.E. 56, ¶¶6-76; 77-87; 138-147; 148-157].

21. Liability for an episodic act or omission cannot attach unless prison officials, here Defendants, had subjective knowledge of a substantial risk of serious harm to the pretrial detainee and responded to that risk with deliberate indifference. *See Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (internal citation omitted); *see also Shepard*, 110 F.Supp.3d at 708. A plaintiff bringing a medical negligence claim against a prison official must demonstrate that the official acted or failed to act with deliberate indifference to a pretrial detainee's serious medical needs. *See Estate of Bonilla*, 982 F.3d at 305 (citing *Baldwin*, 964 F.3d at 326). In other words, a plaintiff "must show that the officials refused to treat [the detainee's], ignored [the detainee's] complaints, intentionally treated [the detainee] incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Arenas v. Calhoun*, 922 F.3d 616, 620-621 (5th Cir. 2019).

22. "Deliberate indifference is an extremely high standard." *Estate of Bonilla*, 982 F.3d at 305 (citing *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). To prove deliberate indifference, a plaintiff must show that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, that the official actually drew the inference and disregarded that

7

risk by failing to abate it." *Id.* (citing *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016)). It is a subjective standard that "requires that a prison official has actual knowledge of a serious risk of harm and then consciously disregard that risk." *Mosely v. Bexar Cty.*, Civil Action No. SA-17-cv-583-XR, 2020 WL 589540, at *8 (W.D. Tex. Feb. 5, 2020) (internal citation omitted); *see also Perniciaro v. Lea*, 901 F.3d 241, 257 (5th Cir. 2018) ("knowledge, in this context, requires that an official is both aware of facts from which an inference of harm could be drawn and actually draws that inference").

23. Of the listed injuries in COUNTS 2, 3, 9 and 10, Defendants could only have been subjectively aware of Ward's lacerations and swelling. However, injuries that could have been subjectively known to Defendants, such as swelling and lacerations, do not rise to the level of a serious medical need as a matter of law. See, e.g., *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990) (multiple bruises to the forehead, left and right orbits of his eyes, nasal area, left ribs, right flank and left shoulder, corneal abrasion, and an abrasion on the upper back did not amount to "serious medical needs"); *Jesionowski v. Beck*, 937 F. Supp. 95 (D. Mass. 1996) (forehead laceration causing profuse bleeding was not a serious medical need); *Whitehead v. Rozum*, No. 09-220J, 2010 WL 885651, at *4 (W.D. Pa. Aug. 31, 2010) (plaintiff's allegation that his wrists were "swollen" and bruised does not state a facially plausible claim that he was suffering from a serious medical condition); *Jackson v. Fernauld*, 104 F. App'x 443 (5th Cir. 2004) (affirming summary judgment on section

a 1983 claim based on a failure to treat promptly a broken thumb); *Sherrer v. Stephens*, 50 F.3d 496 (8th Cir. 1994) (granting summary judgment where a broken index finger was insufficient to sustain deliberate indifference claim); *Turner v. Dallas County Jail*, No. 3:04cv2165-H, 2006 WL 1388441, at *4 (N.D. Tex. May 17, 2006) (Sanders, J.) (breathing problems, chest pains, dizziness, sinus problems, and headaches are "not sufficiently serious to be constitutionally actionable") (citing *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Al-Saraji v. City of Dallas*, No. 3:10cv1918-O, Order on Motion to Dismiss entered on 9 August 2011 (docket item 56,), at *8. Therefore, allegations of lacerations, bruises, swelling, and abrasions all fail to plead facts sufficient to allow a reasonable inference that Ward had a serious medical need such that Defendants would be subjectively aware of the need for medical care.

24.    "An official with subjective knowledge of a risk may still be free from liability if she 'responded reasonably to the risk, even if the harm ultimately was not averted'" *Perniciaro*, 901 F.3d at 257. Therefore, a prison official's "failure to alleviate a significate risk that the official should have perceived but did not is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756; *see also Converse v. City of Kemah, Tex.*, 961 F.3d 771, 775-76 (5th Cir. 2020) (a prison official will not be held liable if he merely "should have known" of a risk); *Hyatt*, 843 F.3d at 177 ("evidence that an official was aware of a substantial risk to inmate safety does not alone establish deliberate indifference"). "Deliberate indifference cannot be inferred from a negligent or even a grossly negligent response to a substantial risk of serious harm" *Dyer*, 964

9

F.3d at 381; *see also Estate of Bonilla*, 982 F.3d at 305 ("even if an officer responds without the due care a reasonable person would use-such that the officer is only negligent-there will be no liability"). In addition, unsuccessful medical treatment, matters that fall within medical judgment, disagreement with medical treatment or even acts of medical malpractice fail to rise to the level of deliberate indifference. *See Dyer*, 964 F.3d at 381.

25. In order for a prison official to be found liable under §1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *see also Spence v. Nelson*, 603 F. App'x 250, 255 (5th Cir. 2015) (per curiam) (quoting *Jones v. Lowndes County*, 678 F.3d 344, 349 (5th Cir. 2012)). Other than conclusory statements, Plaintiffs have failed to allege that any of the Defendants was personally and directly involved in depriving Rory Ward of timely medical care, or caused the alleged constitutional violation. As a result, Plaintiffs' Fourteenth Amendment claim fails and Defendants are entitled to dismissal.

26. **Stay.** Defendants have raised qualified immunity as an affirmative defense; discovery cannot be permitted against him before this Court rules on the pending motion for dismissal. *See Carswell v. Camp,* 54 F.4th 307 (5th Cir. 2022); Defendants therefore,

respectfully move this Court to stay all discovery until their assertion of immunity is resolved.

| | |
|---|---|
| Date: December 16, 2024. | Respectfully submitted,<br><br>**CHRISTIAN D. MENEFEE**<br>HARRIS COUNTY ATTORNEY<br><br>**JONATHAN G. C. FOMBONNE**<br>DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT<br><br>**NATALIE G. DELUCA**<br>MANAGING COUNSEL,<br>DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS<br>Respectfully submitted, |
| By: | */s/ James C. Butt*<br>**JAMES C. BUTT**<br>Sr. Assistant County Attorney<br>ATTORNEY-IN-CHARGE<br>State Bar No. 24040354<br>Fed. Bar No. 725423<br>Phone: (713) 274-5133 (direct)<br>james.butt@harriscountytx.gov<br>**CHARLES SHAW**<br>Assistant County Attorney<br>ATTORNEY-TO BE NOTICED<br>State Bar No. 24085951<br>Fed. Bar No. 3193599<br>Tel: (713) 274-3068 (direct)<br>charles.shaw@harriscountytx.gov<br><br>**OFFICE OF THE HARRIS COUNTY ATTORNEY**<br>1019 Congress |

Houston, Texas 77002
**ATTORNEYS FOR DEFENDANTS TREVIN GAMBLE, SAMUEL GAMEZ, NICOLAS GUZMAN AND AARON REESE**

## CERTIFICATE OF WORD COUNT

I, James C. Butt, certify Defendants' Motion to Dismiss and Motion to Stay complies with Local Rule 7.1(f).

I further certify that, in preparation of this Response, I used Word for Microsoft Office 365 Version 2108, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above-referenced Motion contains 2,646 words.

/s/ James C. Butt

## CERTIFICATE OF CONFERENCE

I certify that I conferred via email with Hayden Hawkins, counsel for Plaintiff, concerning the relief sought in this motion, and he advised Plaintiff opposes the motion to dismiss but not the motion to stay.

/s/ James C. Butt

## CERTIFICATE OF SERVICE

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached is filed with the clerk of the court using CM/ECF system, which will send electronic notification for those of record:

*/s/ James C. Butt*
James C. Butt