**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROWENA WARD individually, and on behalf of the Estate of RORY WARD JR., and RORY WARD SR, individually,** | § § § § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO. 4:23-cv-1708** |
| | § | |
| **V.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| *Defendant.* | § | |

## DEFENDANT DONNA REID'S AMENDED MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND MOTION TO STAY

TO THE HONORABLE JUDGE ESKRIDGE:

Defendant Donna Reid (Defendant or Reid) files this amended motion to dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6), and shows the Court the following:

# TABLE OF CONTENTS

I.     **NATURE AND STAGE OF PROCEEDING** ................................................................ 1

II.    **STANDARD OF REVIEW** ............................................................................................. 1

III.   **STATEMENT OF ISSUES** ............................................................................................ 2

IV.   **SUMMARY OF ARGUMENT** ...................................................................................... 2

V.    **ARGUMENTS AND AUTHORITIES** .......................................................................... 3

    10.    **Statute of Limitations.** ......................................................................................... 3

**CERTIFICATE OF WORD COUNT** ..................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

Cases

*Allen v. Cisneros*,
  815 F.3d 239 (5th Cir. 2016) .......................................................................................... 8

*Arenas v. Calhoun*,
  922 F.3d 616 (5th Cir. 2019) ........................................................................................ 10

*Arnold v. Williams*,
  979 F.3d 262 (5th Cir. 2020) .......................................................................................... 8

*Ashcroft v. al-Kidd*,
  565 U.S. 731 (2011) ....................................................................................................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................... 1, 2

*Backe v. Le Blanc*,
  691 F.3d 645 (5th Cir. 2012) .......................................................................................... 8

*Baldwin*,
  964 F.3d ........................................................................................................................ 10

*Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*,
  575 S.W.3d 357 (Tex. 2019) .......................................................................................... 4

*Beckwith v. City of Houston*,
  790 Fed. Appx. 568 (5th Cir. 2019) ............................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... 1, 2

*Blas v. Rosen*,
  No. DR-18-CV-66-AM, 2019 U.S. Dist. LEXIS 180126 (W.D. Tex. July 16, 2019)7
*Brown v. Coulston*,
  463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) ........................................................ 7
*Brown v. Shwarts,*
  968 S.W.2d 331 (Tex. 1998) .................................................................................... 7
*Carroll v. Ellington*,
  800 F. 3d 154 (5th Cir. 2015) .................................................................................. 8
*Carswell v. Camp,*
  54 F.4th 307 (5th Cir. 2022) .................................................................................. 12
*Converse v. City of Kemah, Tex.*,
  961 F.3d 771 (5th Cir. 2020) ................................................................................. 11
*Cope v. Cogdill*,
  ___ F.4th ___, 2021 WL 2767581 (5th Cir. Jul. 2, 2021) ...................................... 10
*DeLeon v. Tey*,
  No. 7:13-CV-439, 2013 WL 7157957 n.27 (S.D. Tex. Dec. 4, 2013) ..................... 7
*Diaz*,
  941 S.W.2d ......................................................................................................... 6, 7
*Domino v. Texas Dep't of Crim. Justice*,
  239 F.3d 752 (5th Cir. 2001) ........................................................................... 10, 11
*Dunn v. Clairmont Tyler, LP*,
  271 S.W.3d 867 (Tex. App.—Tyler 2008, no pet.) .................................................. 6
*Dyer*,
  964 F.3d ............................................................................................................ 11, 12
*Estate of Bonilla*,
  982 F.3d ............................................................................................................ 10, 11
*FDIC v. Dawson*,
  4 F.3d 1303 (5th Cir.) .............................................................................................. 6
*Fraire v. City of Arlington*,
  957 F.2d 1268 (5th Cir. 1992) ................................................................................. 9
*Gates v. Tex. Dep't of Protective & Regulatory Servs.*,
  537 F.3d 404 (5th Cir. 2008) ................................................................................... 9
*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011) ................................................................................... 2
*Hyatt v. Thomas*,
  843 F.3d 172 (5th Cir. 2016) ................................................................................. 11
*Jackson v. Procunier*,
  789 F.2d 307 (5th Cir. 1986) ................................................................................... 1
*Jones v. Lowndes County*,
  678 F.3d 344 (5th Cir. 2012) ................................................................................. 12

*Jones*,
  339 F.3d ................................................................................................... 5
*King v. Handorf*,
  821 F.3d 650 (5th Cir. 2016) ................................................................. 8
*Leal v. McHugh*,
  731 F.3d 405 (5th Cir. 2013) ................................................................. 2
*Loaisiga v. Cerda*,
  379 S.W.3d 248 (Tex. 2012)................................................................... 4
*Lozano v. Smith*,
  718 F.2d 756 (5th Cir. 1983) ............................................................... 12
*Malley v. Briggs*,
  475 U.S. 335 (1986)................................................................................ 9
*Marks v. St. Luke's Episcopal Hosp.*,
  319 S.W.3d 658 (Tex. 2010)................................................................... 3
*Mena v. Lenz*,
  349 S.W.3d 650 (Tex. App.—Corpus Christi 2011, no pet.) .................. 6
*Messerschmidt v. Millender*,
  565 U.S. 535 (2012)................................................................................ 7
*Molinet*,
  356 S.W.3d ........................................................................................ 6, 7
*Morgan v. Swanson*,
  659 F.3d 359 (5th Cir. 2011) .............................................................. 8, 9
*Morin v. Caire*,
  77 F.3d 116 (5th Cir. 1996).................................................................... 1
*Morrow v. Meachum*,
  917 F.3d 870 (5th Cir. 2019) ................................................................. 7
*Mosely v. Bexar Cty.*,
  Civil Action No. SA-17-cv-583-XR, 2020 WL 589540 (W.D. Tex. Feb. 5, 2020). 11
*Mullenix v. Luna*,
  136 S. Ct. 305 (2015)............................................................................. 9
*O'Reilly v. Wiseman*,
  107 S.W.3d 699 (Tex. App.—Austin 2003, pet. denied) ........................ 7
*Pearson v. Callahan*,
  555 U.S. 223 (2009)................................................................................ 9
*Perniciaro v. Lea*,
  901 F.3d 241 (5th Cir. 2018) ............................................................... 11
*Regents v. Tomanio*,
  446 U.S. 478, 64 L. Ed. 2d 440, 100 S. Ct. 1790 (1980).......................... 6
*Reichle v. Howards*,
  566 U.S. 658 (2012)................................................................................ 7

*Schofield v. Wellstone Health*,
   No. 6:19-CV-00415-ADA-JCM, 2020 U.S. Dist. LEXIS 146042 (W.D. Tex. March
   2, 2020) ........................................................................................................................ 7
*Shah v. Moss*,
   67 S.W.3d 836 (Tex. 2001)........................................................................................... 5
*Shaw v. Villanueva*,
   918 F.3d 414 (5th Cir. 2019) ....................................................................................... 2
*Shepard v. Hansford Cty.*,
   110 F.Supp.3d 696 (N.D. Tex. 2015) ....................................................................... 10
*Smith v. Palafox*,
   728 Fed. Appx. 270 (5th Cir. 2018)........................................................................ 4, 5
*Spence v. Nelson*,
   603 F. App'x 250 (5th Cir. 2015) .............................................................................. 12
*Tarver v. City of Edna*,
   410 F.3d 745 (5th Cir. 2005) ....................................................................................... 8
*Thompson v. Upshur Cty., Tex.*,
   245 F.3d 447 (5th Cir. 2001) ..................................................................................... 10
*Washington ex rel. J.W. v. Katy Indep. School Dist.*,
   390 F.Supp.3d 822 (S.D. Tex. Jun 5, 2019) ............................................................... 8
*Yancy v. United Surgical Partners Int'l, Inc.*,
   170 S.W.3d 185 (Tex. App.—Dallas 2005) ................................................................ 6

Statutes

42 U.S.C §1983 ................................................................................................................ 3, 6
TEX. CIV. PRAC. & REM. CODE § 74.001(13) ....................................................................... 3
TEX. CIV. PRAC. & REM. CODE § 74.251(a)................................................................... 4, 5, 6

Rules

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 1
Fed. R. Civ. P. 12(b)(6).................................................................................................... i, 1

Other Authorities

4:21-CV-484,
   2021 U.S. Dist. LEXIS 243413, at *7 (S.D. Tex. Dec. 21, 2021)............................... 7

## I.    NATURE AND STAGE OF PROCEEDING

1.     Plaintiff filed suit on May 8, 2023. Docket Entry (DE) 1.  Plaintiff made allegations against Harris County alleging that Rory Ward was beaten and died while in custody at the Harris County jail in May 2021.

2.     Plaintiffs amended their complaint on June 23, 2023 and filed their second amended complaint on September 9, 2024 naming Reid, a former nurse at the Harris County jail, among several other individual defendants (DE) 56.

3.     Plaintiffs assert against Reid a claim of deliberate indifference in Count 13 of their second amended complaint.

## II.    STANDARD OF REVIEW

4.     This court must take all well-pleaded facts as true when considering a motion to dismiss.  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. See Fed. R. Civ. P. 12(b)(6). See *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5.      "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft*, 556 U.S. at 678-679. In short, the Plaintiff must plead plausible <u>facts</u> which if true, would impose liability on the Defendant. Thus, "dismissal is appropriate

1

only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

6.      "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions are not sufficient. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

### III.    STATEMENT OF ISSUES

7.    Whether Plaintiffs' claims against Reid are barred by limitations.

8.    Whether Plaintiffs plead facts sufficient to overcome Reid's entitlement to qualified immunity.

### IV.    SUMMARY OF ARGUMENT

9.    Plaintiffs' claims against Reid should be dismissed with prejudice because they are barred by limitations.  Plaintiffs do not advance a relation back theory and equitable tolling does not apply under the Texas Medical Liability Act.  Plaintiffs do not overcome Reid's entitlement to qualified immunity, and discovery should be stayed pending resolution of her entitlement to qualified immunity.

## V.    ARGUMENTS AND AUTHORITIES

10.    **Statute of Limitations.** The claims against Reid are barred by the statute of limitations and should be dismissed.

11.    The statute of limitations for a 42 U.S.C §1983 claim in Texas is two years. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019). The injuries and death of Rory Ward occurred in May 2021. Reid, a nurse, was named as a defendant on September 9, 2024, well after the limitations period. Plaintiff advance a theory of equitable tolling to extend the limitations period.

12.    The Texas Medical Lability Act (the "TMLA") defines a health care liability claim as:

> A cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE § 74.001(13). Under this definition, a health care liability claim consists of three elements: (1) a physician or a health care provider is the defendant; (2) the suit must relate to the patient's treatment, lack of treatment, or some other departure from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act, omission or other departure must proximately cause the claimant's injury or death. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 662 (Tex. 2010).

3

13.     Whether a claim constitutes a health care liability claim is a question of law determined by "the underlying nature of the plaintiff's claim rather than its label." *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019). Furthermore, there is a rebuttable presumption that claims based on facts implicating a health-care provider's conduct during patient care, treatment, or confinement are health-care liability claims. *Loaisiga v. Cerda*, 379 S.W.3d 248, 252 (Tex. 2012).

14.     As stated by Plaintiffs, Reid is a nurse thereby satisfying the first element of a health care liability claim. DE 56 at ¶¶ 181-190.

15.     In regard to the second element, Plaintiffs' claims against Reid arise from alleged treatment, lack of treatment, or other claimed departures from accepted standards of medical care. As noted above, Plaintiffs allege that Reid cleaned Ward's wounds and provided him directions and instructions on taking his medication in furtherance of Dr. Dhanani's orders. Since Plaintiffs complain of the medical care provided by Reid, the second element is satisfied.

16.     As for the third element, Plaintiffs claim Reid's alleged acts or omissions caused Ward's death. DE *56* at ¶¶ 182-185. Therefore, the third element has been satisfied, and Plaintiffs' claim against Reid constitutes a health care liability claim under the TMLA.

17.     The TMLA provides a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 74.251(a); *Smith v. Palafox*, 728 Fed. Appx. 270, 275 (5th Cir. 2018). Specifically, the TMLA states, in relevant part:

4

> Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed …

Tex. Civ. Prac. & Rem. Code § 74.251(a). The limitations period commences on: (1) the date of the occurrence of the alleged breach or tort; (2) date that the relevant course of treatment was completed; or (3) last date of the relevant hospitalization. *Smith*, 728 Fed. Appx. at 275 (citing *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001)). A medical malpractice claimant may not select a commencement date that most favors his or her case. *Id.* If the date of the alleged breach or tort is ascertainable, limitations begins to run on that date, and inquiries into second and third categories of onset dates are not necessary. *Id.*

18.    While Plaintiffs do not plead the specific date in which Reid cleaned Ward's wounds, Plaintiffs plead interactions with medical staff, presumably including Reid, on May 8, 2021 and May 10, 2021. DE 56 at ¶¶ 22, 24, 34. As a result, the statute of limitations commenced on May 10, 2021 and expired on May 10, 2023. However, Plaintiffs did not file suit against Reid until more than a year after limitations expired. As a result, Plaintiffs' claims against Reid are barred by the statute of limitations and should be dismissed.

19.    To avoid limitations, Plaintiffs' pleadings must raise some basis for tolling. *Jones*, 339 F.3d at 366.

20.    It is well-established that, in addition to borrowing a state's statute of limitations for a section 1983 claim, a federal court should also borrow the corresponding tolling rules for such actions. *Regents v. Tomanio*, 446 U.S. 478, 482, 64 L. Ed. 2d 440, 100 S. Ct. 1790 (1980); *FDIC v. Dawson*, 4 F.3d 1303, 1312 (5th Cir.), *cert. denied*, 512 U.S. 1205, 114 S. Ct. 2673, 129 L. Ed. 2d 809 (1993) (holding that, when the applicable statute of limitations is borrowed from the state, that state's tolling rules are to be the "primary guide" for the courts.). Texas does not allow for tolling of the statute of limitations in health care liability claims. *Molinet*, 356 S.W.3d at 415; *Diaz*, 941 S.W.2d at 99.

21.    As quoted above, the TMLA's statute of limitations is two years "notwithstanding any other law." TEX. CIV. PRAC. & REM. CODE § 74.251(a). Texas courts have interpreted this language to mean that the statute of limitations for health care liability claims is absolute and not subject to tolling. *Molinet*, 356 S.W.3d at 415; *Diaz*, 941 S.W.2d at 99; *see also Mena v. Lenz*, 349 S.W.3d 650, 654–56 (Tex. App.— Corpus Christi 2011, no pet.) (jurisdictional tolling provision did not apply in a health care liability claim); *Dunn v. Clairmont Tyler, LP*, 271 S.W.3d 867, 870 (Tex. App.— Tyler 2008, no pet.) (tolling doctrine for incapacitated persons did not apply in a health care liability claim); *Yancy v. United Surgical Partners Int'l, Inc.*, 170 S.W.3d 185, 189 (Tex. App.—Dallas 2005), *aff'd*, 236 S.W.3d 778 (Tex. 2007) (same). While this may result in "harsh" rulings, Texas courts follow the intent of the Legislature in applying

6

the statute of limitations. *See Brown v. Shwarts,* 968 S.W.2d 331, 334 (Tex. 1998);

*O'Reilly v. Wiseman*, 107 S.W.3d 699, 708, 710 (Tex. App.—Austin 2003, pet. denied).

22.     The federal courts sitting in Texas have also recognized the absolute nature of

the statute of limitations in Texas health care liability claims. *See Estate of Salas v.*

*Bicette*, No. 4:21-CV-484, 2021 U.S. Dist. LEXIS 243413, at *7 (S.D. Tex. Dec. 21,

2021); *DeLeon v. Tey*, No. 7:13-CV-439, 2013 WL 7157957, *4 n.27 (S.D. Tex. Dec.

4, 2013) (citing *Molinet*, 356 S.W.3d at 415; *Diaz*, 941 S.W.2d at 99); *Schofield v.*

*Wellstone Health*, No. 6:19-CV-00415-ADA-JCM, 2020 U.S. Dist. LEXIS 146042, at

*9 (W.D. Tex. March 2, 2020); *Blas v. Rosen*, No. DR-18-CV-66-AM, 2019 U.S. Dist.

LEXIS 180126, at *17 (W.D. Tex. July 16, 2019).

23.     Reid further submits that it is patently inequitable to apply tolling with respect to

her alleged patient encounter with Ward over three years ago in 2021.

24.     **Qualified Immunity**. Qualified immunity is an affirmative defense that shields

a government official "from civil damages liability unless [he] violated a statute of

constitutional right that was clearly established at the time of the challenged conduct."

*Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v.*

*Howards*, 566 U.S. 658, 664 (2012)). The doctrine "gives government officials

breathing room to make reasonable but mistaken judgments and protects all but the

plainly incompetent or those who knowingly violate the law." *Messerschmidt v.*

*Millender*, 565 U.S. 535, 546 (2012); *see also Morrow v. Meachum*, 917 F.3d 870, 876

(5th Cir. 2019).

25.    When a defendant invokes qualified immunity, the plaintiff must demonstrate that the defense does not apply. *See King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016). The "plaintiff seeking to overcome qualified immunity, must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams,* 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. Le Blanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019).

26.    To negate the qualified immunity defense, plaintiff must establish that (1) a public officer's conduct violated a constitutional right and (2) that said conduct was objectively unreasonable in light of clearly established law at the time of the alleged violation.  *Ashcroft v. al-Kidd*, 565 U.S. 731, 735 (2011); *Allen v. Cisneros*, 815 F.3d 239, 244 (5th Cir. 2016). "When considering a defendant's entitlement to qualified immunity, [a court] must ask whether the law so clearly and unambiguously prohibited his conduct that '*every* reasonable official would understand that what he is doing violates [the law].'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011); *see also Carroll v. Ellington*, 800 F. 3d 154, 169 (5th Cir. 2015). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005). The court "must be able to point to controlling authority—or a 'robust

8

consensus of persuasive authority'—that defines the contours of the right in question with a high degree of particularity." *Morgan*, 659 F.3d at 371–72 (citation omitted).  A case directly on point is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015); *see also Sama v. Hannigan*, 669 F.3d 585, 591 (5th Cir. 2012) (a right is "clearly established" only where pre-existing law "dictate[s], that is truly compels (not just suggests or allows or raises a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in these circumstances").

27.     The plaintiff must also show that the defendant's conduct was objectively unreasonable. *Pearson v. Callahan*, 555 U.S. 223, 243 (2009). "An official's actions are "objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the conduct violated the Constitution." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008).  "If reasonable public officials could differ on the lawfulness of the official's actions, the official is entitled to qualified immunity." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  In short, Reid would be entitled to qualified immunity if her conduct was objectively reasonable even if her conduct violated Rory Ward's constitutional rights. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

28.     As a pretrial detainee, Rory Ward had a constitutional right under the Fourteenth Amendment to adequate medical care during his confinement at the Harris County jail.

*See Shepard v. Hansford Cty.*, 110 F.Supp.3d 696, 708 (N.D. Tex. 2015) (citing *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)). Plaintiffs, here, have alleged that the episodic act or omission of Reid violated Rory Ward's constitutional rights under the Fourteenth Amendment [D.E. 56, ¶¶170-180].

29.    Liability for an episodic act or omission cannot attach unless the prison official, here Reid, had subjective knowledge of a substantial risk of serious harm to the pretrial detainee and responded to that risk with deliberate indifference. *See Cope v. Cogdill*, ___ F.4th ___, 2021 WL 2767581, at *4 (5th Cir. Jul. 2, 2021) (internal citation omitted); *see also Shepard*, 110 F.Supp.3d at 708. A plaintiff bringing a medical negligence claim against a prison official must demonstrate that the official acted or failed to act with deliberate indifference to a pretrial detainee's serious medical needs. *See Estate of Bonilla*, 982 F.3d at 305 (citing *Baldwin*, 964 F.3d at 326). In other words, a plaintiff "must show that the officials refused to treat [the detainee's], ignored [the detainee's] complaints, intentionally treated [the detainee] incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Arenas v. Calhoun*, 922 F.3d 616, 620-621 (5th Cir. 2019).

30.    "Deliberate indifference is an extremely high standard." *Estate of Bonilla*, 982 F.3d at 305 (citing *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). To prove deliberate indifference, a plaintiff must show that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, that the official actually drew the inference and disregarded that

risk by failing to abate it." *Id.* (citing *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016)). It is a subjective standard that "requires that a prison official has actual knowledge of a serious risk of harm and then consciously disregard that risk." *Mosely v. Bexar Cty.*, Civil Action No. SA-17-cv-583-XR, 2020 WL 589540, at *8 (W.D. Tex. Feb. 5, 2020) (internal citation omitted); *see also Perniciaro v. Lea*, 901 F.3d 241, 257 (5th Cir. 2018) ("knowledge, in this context, requires that an official is both aware of facts from which an inference of harm could be drawn and actually draws that inference").

31.     "An official with subjective knowledge of a risk may still be free from liability if she 'responded reasonably to the risk, even if the harm ultimately was not averted'" *Perniciaro*, 901 F.3d at 257.   Therefore, a prison official's "failure to alleviate a significant risk that the official should have perceived but did not is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756; *see also Converse v. City of Kemah, Tex.*, 961 F.3d 771, 775-76 (5th Cir. 2020) (a prison official will not be held liable if he merely "should have known" of a risk); *Hyatt*, 843 F.3d at 177 ("evidence that an official was aware of a substantial risk to inmate safety does not alone establish deliberate indifference"). "Deliberate indifference cannot be inferred from a negligent or even a grossly negligent response to a substantial risk of serious harm" *Dyer*, 964 F.3d at 381; *see also Estate of Bonilla*, 982 F.3d at 305 ("even if an officer responds without the due care a reasonable person would use-such that the officer is only negligent-there will be no liability").   In addition, unsuccessful medical treatment,

11

matters that fall within medical judgment, disagreement with medical treatment or even acts of medical malpractice fail to rise to the level of deliberate indifference. *See Dyer*, 964 F.3d at 381.

32.     In order for a prison official to be found liable under §1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *see also Spence v. Nelson*, 603 F. App'x 250, 255 (5th Cir. 2015) (per curiam) (quoting *Jones v. Lowndes County*, 678 F.3d 344, 349 (5th Cir. 2012)). Other than conclusory statements, Plaintiffs have failed to allege that Reid was personally and directly involved in depriving Rory Ward of timely medical care, or caused the alleged constitutional violation.  As a result, Plaintiffs' Fourteenth Amendment claim fails and Reid is entitled to dismissal.

33.     **Stay.**  Reid has raised qualified immunity as an affirmative defense; discovery cannot be permitted against her before this Court rules on the pending motion for dismissal. *See Carswell v. Camp,* 54 F.4th 307 (5th Cir. 2022); The motion for stay is not opposed.  Reid therefore, respectfully moves this Court to stay all discovery until her assertion of immunity is resolved.

Date: December 19, 2024.                         Respectfully submitted,

**CHRISTIAN D. MENEFEE**

12

HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS
Respectfully submitted,

By:     */s/ James C. Butt*
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone:  (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**CHARLES SHAW**
Assistant County Attorney
ATTORNEY-TO BE NOTICED
State Bar No. 24085951
Fed. Bar No. 3193599
Tel: (713) 274-3068 (direct)
charles.shaw@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY
ATTORNEY**
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT REID**

13

## CERTIFICATE OF WORD COUNT

I, James C. Butt, certify Defendant Donna Reid's amended motion to dismiss complies with Local Rule 7.1(f).

I further certify that, in preparation of this Motion, I used Word for Microsoft Office 365 Version 2108, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above-referenced Motion contains 3,189 words.

*/s/ Jim Butt* _____

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred via email with Hayden Hawkins, counsel for Plaintiff, concerning the relief sought in this motion.  It is understood Plaintiff opposes the motion to dismiss, but does not oppose the motion to stay.

*/s/ Jim Butt* _____

## <u>CERTIFICATE OF SERVICE</u>

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached is filed with the clerk of the court using CM/ECF system, which will send electronic notification for those of record.


<u>*/s/ Jim Butt*</u>
Jim Butt